UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

NORMA SICA

       Plaintiff,

vs.

DARDEN CORPORATION

       Defendant

_____/

## COMPLAINT FOR DAMAGES

Norma Sica ("Sica") sues Defendant Darden Corporation ("Darden") and alleges as follows:

### Jurisdiction

1.     This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 USC Section 1001, et. seq.

2.     This Court has jurisdiction pursuant to ERISA Sections 502, 29 USC Section 1132.

### The Parties/Participants

3.  Plaintiff, is an  individual residing in Manatee County, Florida and is *sui juris*.

4.   Defendant, Darden, is a corporation doing business in Orange County, Florida.

### General Allegations *and Claims*

5.     Sica was an employee of Darden from March 31, 1997, until November 2017. During her employment, one of the benefits provided to her was a Pension without waiting period.

6.    Upon her departure from the company, Defendant paid Sica a pension amount that was the improper amount and under an improper pension plan that Sica was not a member of. Sica has insisted that she be paid under the proper pension plan and in the correct amounts.

7.    Multiple demands have been made to Darden who has refused to comply with the policy and Plaintiff has exhausted all administrative remedies.

8.    All conditions precedent have been performed, waived or excused.

9.    Plaintiff has hired the undersigned law firm and has agreed to pay a reasonable attorneys' fee for its services.

10.    The Policy is funded by Defendant and the Defendant is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

11.    The Plan's terms do not grant discretionary authority to Defendant or alternatively, the Plan Administrator Defendant did not properly exercise its discretionary authority over the Plaintiff's benefit claims given its conflict of interest.

12.    De novo review applies to this action.

12.    To the extent that this court determines that de novo review does not apply to this action, since Defendant is both the Plan funder and the decision maker under the Plan, it operates under a conflict of interest.

14.    Plaintiff is entitled to benefits herein because:

(A) The benefits are required under the Plan;

(B) Plaintiff has satisfied all conditions precedent to receive the benefits; and

( C) Plaintiff has not waived or otherwise relinquished entitlement to the benefits.

15.    Pursuant to ERISA 502(g), 29 USC Section 1132(g), Plaintiff is entailed to an award of attorney's fees and costs incurred in bringing this action pursuant to ERISA.

WHEREFORE, Plaintiff demands judgment against Darden for damages  together with  interest, court costs, attorneys' fees in accordance with ERISA, for a declaration that Plaintiff is entitled to benefits, and for a remand to the Plan Administrator to pay said benefits awarded by this Court, and for any and all other and further relief this Court deems just and proper under the circumstances.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
        Scott M. Behren
        Florida Bar No. 987786